IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY CHAVEZ,

      Plaintiff,

vs.                                                                                                            Civ. No. 02-876 WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss and Memorandum in Support ("Motion") **[Doc. 5]**, filed December 17, 2002.  Plaintiff did not file a response to Defendant's Motion.[1]  The Court, having considered the Motion, the evidence, and the relevant authorities, finds that Defendant's Motion is well taken and will be granted.

In this action, Plaintiff seeks judicial review of an adverse decision of the Commissioner. Defendant contends that the Court lacks jurisdiction to review the Commissioner's decision due to Plaintiff's failure to exhaust her administrative remedies.

"A party seeking to invoke the jurisdiction of the Court has the burden to establish, by a preponderance of the evidence, that the Court has jurisdiction."  Richard v. Halter, 131 F.Supp.2d 1261, 1262 (N.D. Okla. 2001) (citing United States v. Bustillos, 31 F.3d 931 (10th Cir. 1994); Penteco Corp. v. Union Gas Sys. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)).  Jurisdiction to review a decision of the Commissioner of Social Security is strictly limited, and is permitted only

---

[1] In her Notice of Completion of Briefing **[Doc. 7]**, Defendant correctly points out that Plaintiff's failure to file and serve a response in opposition to Defendant's Motion constitutes Plaintiff's consent to grant the Motion.  See D.N.M. LR-Civ. 7.1(b).

after a final decision.  Id. (citing 42 U.S.C. § 405(g),(h)) (emphasis added).  A decision is not final until a claimant requests review from the Appeals Council and the Council either grants or denies review.  Id. (citing 20 C.F.R. § 404.900).  Thus, "[a] final decision requires action by the Appeals Council."  Id.

Here, Defendant's evidence indicates that no action has been taken by the Appeals Council.  See Declaration of Robin M. Marquis, Chief Ct. Case Preparation and Rev. Branch 2, Office of Hr'gs and App., S.S.A. at 3 ¶3(a), attached to Def.'s Mot. (stating that the S.S.A. never received a request for Appeals Council review of the adverse hearing decision on Plaintiff's claim).  Plaintiff does not provide any argument or evidence to the contrary, and thus, fails to meet his burden of establishing that this Court has jurisdiction.  Accordingly, Defendant's Motion should be granted.

WHEREFORE,

IT IS ORDERED that Defendant's Motion to Dismiss and Memorandum in Support **[Doc. 5]** is GRANTED and this action is DISMISSED for lack of jurisdiction.

_____
UNITED STATES MAGISTRATE JUDGE